IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REAL ADVANTAGE TITLE INSURANCE COMPANY,** § § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. **3:20-CV-3719-L** | |
| § | | |
| **SHERRY SIMS a/k/a S.R. SIMS,** § § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment Against Defendant Sherry Sims a/k/a S.R. Sims (Doc. 10), filed March 2, 2021, After careful consideration of the Motion, pleadings, record, evidence, and applicable law, the court **grants** the Motion (Doc. 10) in all respects, except for Plaintiff's request for a conditional award of appellate attorney's fees, which is **denied**.

I. **Background**

Real Advantage Title Insurance Company ("Plaintiff") brought this action against Sherry Sims a/k/a S.R. Sims ("Defendant" or "Ms. Sims") on December 23, 2020, to recover on a Note signed by Ms. Sims and the total accelerated amount owed by her under the Note. In addition, Plaintiff requests an award of attorney's fees, costs, and prejudgment interest as provided in the Note, and postjudgment interest at the applicable federal rate. After default was entered against Ms. Sims on March 1, 2021, Plaintiff moved for entry of a default judgment on its claim against Ms. Sims for nonpayment and breach of the Note.

II.     Analysis

    A.     **Legal Standard – Motion for Default Judgment**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendant (Doc. 9). Based upon the pleadings and information in the record, the court finds, that Defendant is not a minor, incompetent, or member of the United States military. Defendant, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, Ms. Sims may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* Based on the well-pleaded allegations in Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines for these reasons and the reasons herein explained that Defendant is in default, and that Plaintiff is entitled to a default judgment on its claim for breach of the Note.

    B.     **Damages**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Plaintiff seeks $60,000 for the full amount of the Note as a result of Defendant's failure to make any payments on the Note

**Memorandum Opinion and Order – Page 2**

or cure the default, as well as $50 in monthly late fees beginning July 15, 2020 ($50 x 21 months = $1,050). Plaintiff's pleadings establish the existence of a valid contract with Defendant (the Note); that Defendant breached her contractual obligation under the Note by failing to perform as promised and failing to make any of the required monthly payments; that the full indebtedness under the Note was accelerated on November 9, 2020, and became due after Defendant failed to cure her default; and that Plaintiff suffered damages in the amount of the Note and late fees as a result.[1] Defendant is, therefore, liable for breach of the Note, and the court finds that the amount requested by Plaintiff ($60,000 plus late fees at $50 per month) is supported by the evidence. Accordingly, Plaintiff is entitled to recover from Defendant **$61,050** in actual damages.

### C.    Attorney's Fees and Costs

In accordance with section 7 of the Note, which provides for the recovery of attorney's fees and costs, Plaintiff requests $11,732.50 in attorney's fees and $550 in costs. Alternatively, Plaintiff asserts that it is entitled as the prevailing party to recover attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. The court need not address Plaintiff's alternative request under section 38.001, as it determines that Plaintiff is entitled to recover the attorney's fees and costs under section 7 of the Note, which provides:

> **ATTORNEYS' FEES AND COSTS:** Borrower shall pay all costs incurred by Lender in collecting sums due under this Note after a default, including reasonable attorneys' fees. If Lender or Borrower sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

---

[1] In Texas, the elements for breach of contract are: (1) a valid contract; (2) the plaintiff's performance of his or her contractual obligations; (3) breach by the defendant; and (4) damages caused by the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

**Memorandum Opinion and Order – Page 3**

As the prevailing party, Plaintiff is entitled under section 7 of the Note to recover the reasonable attorney's fees and costs it has incurred.

In support of its request for attorney's fees, Plaintiff submitted the declaration of Jason L. Sanders. According to this affidavit, Mr. Sanders, a 17-year attorney with complex commercial litigation experience; Caroline Allen, an attorney licensed by the State of Texas since November 2020; and Gena Taylor, a paralegal with 40 years of litigation experience, billed a combined total of 42.8 hours through February 25, 2021, at their respective rates of $375, $200, and $150 per hour.  In addition, Mr. Sanders states that he adjusted the firm's invoices and "no-charged" some of the time billed.

Mr. Sanders asserts, and the court agrees, that the hourly rates for the services performed in this case are reasonable, as the hourly rates are within the range of the usual and customary rate charged by attorneys and paralegals in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's attorneys and paralegal for the services performed in cases of this nature.  The amount of time spent is also reasonable given the debt sought to be collected and Plaintiff's counsel successfully prosecuting this case and obtaining a default judgment.  Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees in the amount of **$11,732.50**.  As the Note allows the prevailing party to recover its costs, the court determines that Plaintiff is also entitled, as the prevailing party, to recover its costs of **$550.58**, for the case filing fee and service of process costs.

### D. Conditional Appellate Attorney's Fees

In addition to an award for attorney's fees incurred in prosecuting the claim in this action, Plaintiff also requests "a conditional award of reasonable and necessary attorney fees of $15,000.00 for an unsuccessful appeal to the Fifth Circuit and an additional $15,000.00 for an

unsuccessful appeal to the Supreme Court of the United States in favor of [Plaintiff] in the final default judgment." Pl.'s Mot. 14.

The Note allows for recovery of appellate fees that have been incurred. None, however, have been incurred to date. Texas law supports a conditional award for appellate fees, but the award must be supported by evidence of the fees' reasonableness. *See Passmore v. Baylor Health Care Sys.*, No. 3:13-CV-5016-P, 2016 WL 8578058, at *2 (N.D. Tex. Jan. 5, 2016) ("[A] trial court's award of conditional appellate attorneys' fees must be supported by evidence of their reasonableness."). While Plaintiff's counsel provides an estimate of fees, he does not provide a basis for the amounts asserted, and the estimates are speculative at this juncture. Thus, Plaintiff has not demonstrated a reasonable basis for the court to award the appellate fees requested. Plaintiff's request for a conditional award of appellate attorney's fees is, therefore, **denied**.

### E.     Prejudgment and Postjudgment Interest

Prejudgment interest rates are governed by state law in diversity cases. *Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Because this is a diversity case in which Texas law applies, Texas law governs prejudgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 412 (5th Cir. 2011). Under Texas law, prejudgment interest for a breach of contract claim accrues at the same rate as the postjudgment interest on damages. *International Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 500 (5th Cir. 2002) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 532 (Tex. 1998)). If an interest rate is specified in a contract, then the prejudgment interest accrues in accordance with § 304.002 of the Texas Finance Code. Tex. Fin. Code § 304.002. Section 304.002 provides that postjudgment interest will be the lesser of the rate specified in the contract or 18% a year. *Id.* Here, the Note sets forth a prejudgment interest rate of 8% per annum, which is less than 18%. The applicable prejudgment interest rate is, therefore, 8%.

**Memorandum Opinion and Order – Page 5**

Prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant receives written notice of a claim; or (2) the date suit is filed. *Kenneco*, 962 S.W.2d at 531. Plaintiff provided Ms. Sims with written notice of its claim and intent to accelerate on November 9, 2020, in accordance with the Note. Thus, the court will calculate prejudgment interest on the amount owed by Ms. Sims under the Note at a rate of **8%** from May 8, 2021 (180 days after the date Ms. Sims received notice), to March 3, 2022,[2] and award Plaintiff prejudgment interest in the amount of **$4,000.87**.

With respect to an award of postjudgment interest, federal law applies on "any judgment in a civil case recovered in a district court . . . including actions based on diversity of citizenship." *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citation and internal quotation marks omitted). "Under 28 U.S.C. § 1961(a), . . . post-judgment interest is calculated at the federal rate," which is currently 1.08% per annum. *Boston Old Colony Ins. Co.*, 288 F.3d at 234. Furthermore, because the Note at issue entitles Plaintiff to recover damages in the amount of the Note and late charges, prejudgment interest, attorney's fees, and costs, postjudgment interest will apply to *entire amount of the judgment* and will be calculated from the date judgment is entered at the applicable federal rate of **1.08%** until paid in full.

### III. Conclusion

For the reasons explained, Plaintiff's Motion for Default Judgment Against Defendant Sherry Sims a/k/a S.R. Sims (Doc. 10) is **granted in part** to the extent herein indicated. Accordingly, the court will enter a default judgment in favor of Plaintiff in the amount of **$61,050** in actual damages, plus **$4,000.87** in prejudgment interest on this amount calculated at a rate of **8%** per annum from May 8, 2021, to March 3, 2022; **$11,732.50** in reasonable attorney's fees;

---

[2] Texas law requires prejudgment interest to be calculated up until the "day preceding the date judgment is entered." Tex. Fin. Code Ann. § 304.104 (West 2016).

**Memorandum Opinion and Order – Page 6**

**$550.58** in costs; and postjudgment interest on the entire amount of the judgment (**$77,333.95**) at the current federal rate of **1.08%** per annum from the date of judgment until paid in full.  All other relief not expressly granted is **denied.**  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

    **It is so ordered** this 4th day of March, 2022.

                                    Sam A. Lindsay
                                    United States District Judge